# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PAULO S. and RAMONA S., | Case No. 26-CV-221 (NEB/DJF) |
| Petitioners, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

The Court has received a joint petition for a writ of habeas corpus from petitioners Paulo S. and Ramona S. challenging the legality of their current detention. As a general matter, joint requests for habeas corpus relief are rarely appropriate, as claims for habeas relief are so often dependent upon factual circumstances that differ from petitioner to petitioner. This case is no exception.

Accordingly, the Clerk of Court will be directed to initiate a new proceeding with the habeas corpus petition used to initiate this proceeding. Ramona S. will be dismissed without prejudice from this action, which will concern only the claims for relief of

Paulo S. Ramona S. may pursue habeas relief (as the sole petitioner) in the new proceeding initiated with the habeas petition from this matter.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Clerk of Court is DIRECTED to initiate a new proceeding using the petition for a writ of habeas corpus [ECF No. 1] that initiated this action as the pleading in that matter.

2. Petitioner Ramona S. is DISMISSED WITHOUT PREJUDICE from this proceeding.

3. Respondents are directed to file an answer to the petition for a writ of habeas corpus of petitioner Paulo S. by no later than January 15, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

4. Respondents' answer should include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

    b. A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims;

c. Respondents' recommendation on whether an evidentiary hearing should be conducted; and

d. Respondents' view as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025).

5. If Petitioner intends to file a reply to respondents' answer, she must do so by no later than January 16, 2026. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

Dated: January 13, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge