UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PAULO S., | Case No. 26-CV-221 (NEB/DJF) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | ORDER |
| Respondents. | |

This matter is before the Court on Petitioner Paulo S.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Paulo S. is a citizen of Mexico who has lived in the United States since 1999. (*Id.* ¶¶ 7, 19.) He has approval to pursue lawful status through Form I-130 (Petition for Alien Relative). (*Id.* ¶ 20; ECF No. 1-1.)

On or about January 12, 2026, as part of "Operation Metro Surge," Immigration and Customs Enforcement ("ICE") took Paulo S. into custody. (*Id.* ¶¶ 23–24.) Afterwards, Paulo S. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Paulo S. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those others, Paulo S.

argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States for approximately 27 years, Paulo S. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that he is entitled to a bond hearing and that his detention under Section 1225(b)(2) violates the Fifth Amendment, INA, and the Administrative Procedures Act.

The Court has already concluded that petitioners similarly situated to Paulo S. are entitled to a bond hearing under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Paulo S. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the

same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents have not only failed to explain why this matter is materially distinguishable, either factually or legally, from *R.E.*, but they did not respond to the Petition at all—despite the Court's Order to do so by January 15, 2026. (ECF No. 2.)

The Court therefore grants the Petition for Writ of Habeas Corpus to the extent it requests a bond hearing and seeks to enjoin Respondents from applying Section 1225(b)(2) to Paulo S.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

3

1. Paulo S.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. Specifically, the Court:

   a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

   b. ENJOINS Respondents from denying release or other relief on the basis that Petitioner is subject to mandatory detention under § 1225(b)(2);

   c. ENJOINS Respondents from moving Petitioner outside of Minnesota. If Petitioner has already been removed from Minnesota, respondents are ORDERED to immediately return Petitioner to Minnesota;

   d. ORDERS that, within **seven days**, Respondents must either provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) or release him; and

   e. ORDERS that, within **fourteen days**, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the

parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. The remainder of Petitioner's Petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 16, 2026                    BY THE COURT:

                                                    s/Nancy E. Brasel
                                                    Nancy E. Brasel
                                                    United States District Judge